# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| SONIA ADOUK, | Civil No. 19-CV-1407 (JRT/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION TO REMAND** |
| FILMTEC CORPORATION, | |
| Defendant. | |

Emma R. Denny and Amanda R. Crain, **HALUNEN LAW**, 1650 IDS Center, 80 South Eight Street, Minneapolis, MN 55402, for plaintiff.

Michael J. Moberg and Jessica M. Marsh, **JACKSON LEWIS P.C.**, 150 South Fifth Street, Suite 3500, Minneapolis, MN 55402, for defendant.

Plaintiff Sonia Adouk, former employee of defendant FilmTec Corp. ("FilmTec"), brought a state court action against FilmTec alleging sex discrimination and reprisal in violation of the Minnesota Human Rights Act. FilmTec removed the case to federal court claiming diversity jurisdiction. Adouk has filed a Motion to Remand the case to state court. Because FilmTec has made a sufficient showing that their principal place of business is not in Minnesota, the Court will deny Adouk's Motion to Remand.

## BACKGROUND

Plaintiff Sonia Adouk of Plymouth, Minnesota brings this action against defendant FilmTec, a Delaware corporation. (Notice of Removal ¶7, Ex. A ("Complaint") ¶2, May 28, 2019, Docket No. 1.) Adouk began as a temporary employee with FilmTec in August 2015 and was hired as a full-time employee in November 2017. (Complaint ¶4.) Adouk alleges that she

repeatedly faced unwanted sexual harassment by several of her supervisors during her employment at FilmTec. (*Id.* ¶¶6–23.) FilmTec fired Adouk in December 2018. (*Id.* ¶23.)

FilmTec is a company that specializes in the manufacture of water filtration products. (Complaint ¶3.) FilmTec's only physical location is in Minnesota. (Decl. of Sonia Adouk, ¶2, June 27, 2019, Docket No. 10.) All of FilmTec's employees are located in Minnesota. (*Id.* ¶5.) In 2018, FilmTec represented that its "principal place of business" was Minnesota on two official filings. (Decl. of Emma R. Denny, Exs. 1–2, Jun. 27, 2019, Docket No. 9.). In 2018, FilmTec also represented that its corporate officers and directors were located variously in Minnesota, Michigan, and Missouri. (*Id.* Ex. 3.)

On April 1, 2019, FilmTec's corporate parent reorganized, and FilmTec became a wholly owned subsidiary of DuPont de Nemours, Inc. ("DuPont") in Delaware.[1] (Decl. of Jessica M. Marsh, Ex. A ¶ 3; Ex. B ¶ 3, July 9, 2019, Docket No. 18.) Since that time, instructions and guidance on FilmTec's corporate strategic decisions come from DuPont headquarters, termination of FilmTec employees must be approved by DuPont headquarters, and FilmTec's legal issues are reviewed by the legal team at DuPont headquarters. (*Id.*, Ex. B ¶¶4, 6.) The highest-ranking managerial employee at FilmTec's Minnesota location is a "Site Leader." (*Id.* ¶1.) She must get approval from corporate leadership in Delaware before implementing any significant decision regarding the operations of the Minnesota location. (*Id.* ¶4.) FilmTec's three board members are all based in Delaware. (*Id.*, Ex. A ¶9.) FilmTec's corporate books and records are managed and maintained in Delaware. (*Id.*)

---

[1] The Notice of Removal states that FilmTec's parent corporation is DowDuPont, Inc. (Notice of Removal, ¶ 7. On June 1, 2019, DowDuPont was renamed DuPont de Nemours, Inc. (Decl. of Jessica M. Marsh, Ex. A. ¶3.)

Adouk served her state court Summons and Complaint on Defendant in May 2019, alleging sex discrimination and reprisal in violation of the Minnesota Human Rights Act, Minn. Stat. § 363A.08 (2018). (Notice of Removal, ¶¶1–2, Complaint ¶¶24–36.) On May 28, 2019, FilmTec timely filed a Notice of Removal, asserting that this Court has original jurisdiction on the basis of diversity of citizenship. (Notice of Removal, ¶¶5–6.) FilmTec claims that its principal place of business is that of its parent company, DuPont de Nemours, Inc. ("DuPont") in Delaware. (*Id.* ¶7.) On June 27, 2019, Adouk filed a Motion to Remand asserting that diversity jurisdiction was not met and the Court should remand to Hennepin County District Court. (Pl.'s Mem. in Support of Mot. to Remand, pp. 1–2, June 27, 2019, Docket No. 8.) On July 9, 2019, FilmTec filed its Response in Opposition to Adouk's Motion to Remand. (Def's Opp'n to Remand, July 9, 2019, Docket No. 17.) The Court heard argument on this Motion on September 3, 2019. (Minute Entry for Hearing, Sept. 3, 2019, Docket No. 20.)

## DISCUSSION

### I. LEGAL STANDARD

Under 28 U.S.C. § 1441, "[a] defendant's removal of a case to federal court is appropriate 'only if the action originally could have been filed there.'" *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 444 (8th Cir. 2010) (citing *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010)). Following removal, "[a] plaintiff may move to remand the case if the district court lacks subject matter jurisdiction." *Id.* (citing 28 U.S.C. § 1447(c)).

"The [diversity] jurisdiction of a federal court under 28 U.S.C. § 1332(a) depends on the citizenship of the parties at the time the action is commenced." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013) (citing *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570–71 (2004)). When the action is commenced, there must be

complete diversity of citizenship among the litigants, and the amount in controversy must be greater than $75,000.[2] 28 U.S.C. § 1332(a) (2018). A corporation is a citizen in its state of incorporation and the state of its "principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010). The principal place of business refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center . . . .'" *Id.* at 92–93.

While the Eighth Circuit has not specifically addressed the issue, the general rule applied by federal courts when considering the citizenship of subsidiary and parent companies is that the "subsidiary corporation has its own principal place of business for purposes of diversity of citizenship jurisdiction, unless it is merely an 'alter ego' or agent of the parent corporation." 13F Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3625 (3d ed.) (collecting cases). This determination is fact based.

The party seeking removal to federal court bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *In re Prempro*, 591 F.3d at 620 (citing *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005)). If the party does not carry its burden, "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.* (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007)).

## II. CITIZENSHIP OF DEFENDANT FILMTEC

FilmTec has made a sufficient showing that its principal place of business is not in Minnesota and that its "nerve center" lies elsewhere. At least since April of 2019, all of FilmTec's corporate direction, control and, coordination flow from Delaware, where FilmTec's corporate

---

[2] There is no dispute that the amount in controversy exceeds $75,000.

parent has its headquarters. First, the highest-ranking managerial employee at FilmTec's Minnesota location is a "Site Leader." She must obtain approval from corporate leadership in Delaware before implementing any significant decisions regarding the operations of the Minnesota location. Indeed, DuPont's corporate headquarters oversees FilmTec's strategic plans, approves FilmTec employee termination, and reviews all FilmTec's legal issues. Second, FilmTec has three board members, each of whom is based in Delaware. Finally, FilmTec's corporate books and records are managed and maintained in Delaware. Collectively, these facts are sufficient to establish that FilmTec's "nerve center" is in Delaware.

Adouk provided several documents which cast some doubt on FilmTec's citizenship prior to April 2019. In 2018, FilmTec twice represented on official filings that its "principal place of business" was in Minnesota. Furthermore, FilmTec has previously indicated that its corporate officers and directors were located variously in Minnesota, Michigan, and Missouri. However, since April 1, 2019, every indicator points to Delaware as FilmTec's "nerve center." Adouk commenced this case in May 2019, and so FilmTec's prior citizenship is not relevant for the present analysis.

FilmTec has met its burden of proving that its "nerve center" has been in Delaware since April 1, 2019, and prior to the commencement of this case. Thus, the requirement for complete diversity of citizenship has been met and federal jurisdiction is appropriate.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **DENIES** Plaintiff's Motion to Remand [Docket No. 7]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Remand [Docket No. 7] is **DENIED**.

DATED: October 4, 2019
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
United States District Judge